# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JANA WOLFF, | No. 50669-6-II |
| Appellant, | |
| v. | |
| WASHINGTON DEPARTMENT OF EMPLOYMENT SECUIRTY, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — Jana Wolff asks us to reverse the Employment Security Department Commissioner's (Commissioner's) decision that she was ineligible for unemployment benefits because she was unavailable for full-time employment. Wolff argues that substantial evidence does not support the finding that she was unavailable for full-time work. Wolff also argues the Commissioner erred in concluding she did not comply with the full-time availability requirements.

We affirm.

## FACTS

### I.    BACKGROUND FACTS

Jana Wolff worked for Gonzaga University from February 23, 2009, until January 4, 2016. In December 2012, Wolff accepted a position as a law school program coordinator. The position required her to work 37.5 hours per week.

Five months later, Wolff asked to reduce her work schedule to 32 hours a week so she could attend her sons' therapy appointments. Her twin boys went to therapy for treatment related to their cognitive and developmental delays. The therapy's goal was bring the twins up to grade level performance in elementary school. Gonzaga shifted Wolff's duties to accommodate the request.

In October of 2015, Gonzaga approved Wolff for two hours of intermittent Family and Medical Leave Act (FMLA) leave per week. Wolff had to substitute or use paid leave for the FMLA leave. According to the health care provider signing the FMLA application, a medical necessity existed because the twins struggled with educational milestones. The health care provider estimated that Wolff would need eight hours per week to take her sons to therapy. As a result, and with permission from her employer, Wolff reduced her work schedule from 32 hours per week to 24 hours per week.

Shortly after her first FMLA approval, Gonzaga issued a draft of a new job description for Wolff's position that required 37.5 hours per week. Wolff told Gonzaga she could not commit to the additional hours. On November 24, Gonzaga told Wolff she could either work 37.5 hours per week with FMLA leave or she could resign. Wolff did not resign at that time.

On November 25, Wolff applied for an additional five hours per week in intermittent FMLA leave. Wolff worked approximately 24-26 hours per week of her 37.5 hour weekly schedule during November and December. Wolff used personal and sick leave to cover the remaining 13 hours per week required for her position until she exhausted that leave.

After Wolff exhausted her personal and sick leave, Gonzaga discharged Wolff.

II.    PROCEDURAL FACTS

Wolff applied for unemployment benefits. She would not accept full-time work because of her sons' learning disabilities. She would work a part-time day shift for "4-5 hours per day, 5 days per week, or up to 24 [hours] per week [with a] flexible schedule." Administrative Record (AR) at 46. Wolff applied for only part-time jobs.

The Washington State Employment Security Department (Department) entered two determination notices denying Wolff unemployment benefits.[1] As relevant to this appeal, one determination notice cited the availability requirements under RCW 50.20.010(1)(c).

Wolff appealed to an Administrative Law Judge (ALJ) who held a hearing. Wolff testified that she was looking for part-time administrative work, and was willing to "work between 25 and 30 hours a week." AR 13. She said she worked 24 hours a week when Gonzaga discharged her. Wolff testified that the other 13 hours a week required for her position were unpaid once she exhausted vacation and personal leave.

The ALJ entered two orders, which included the following findings of fact. Wolff was "only willing to work 25-30 hours per week because of the needs of her children." AR at 284, 294. Wolff did "not provide medical care for her children, but need[ed] to provide specialist support and home support to foster their development." AR at 285, 294. Wolff "was not able, not available and was not actively seeking work as required." AR at 285, 294. In each order, the ALJ concluded Wolff did not comply with the availability requirements for unemployment benefits, and did not meet an exception to the requirement that she seek full-time work. The ALJ affirmed Wolff's ineligibility for unemployment benefits pursuant to RCW 50.20.010(1)(c).

---

[1] The Department's determination notices give employers and claimants notice of the Department's decisions on issues related to unemployment benefits claims, including whether a claimant is statutorily disqualified from receiving unemployment benefits.

Wolff appealed the ALJ's decision to the Commissioner, who adopted the ALJ's findings of fact and conclusions of law. The Commissioner additionally concluded that "lack of childcare may render an otherwise eligible claimant ineligible [for unemployment benefits] due to her unavailability," and that "there is no good cause exception to the availability requirements of RCW 50.20.010(1)(c)." Clerk's Papers (CP) at 8-9. The Commissioner affirmed.

Wolff appealed to the Thurston County Superior Court, which affirmed. Wolff appeals.

ANALYSIS

Wolff challenges the Commissioner's finding that she was unavailable for, and not able to accept or actively seek, full-time work. She also challenges the conclusion that she did not comply with the full-time availability requirements of the Employment Security Act (Act), title 50 RCW, arguing that she met one of two relevant exceptions to the full-time availability requirements.

I.      LEGAL PRINCIPLES

Washington's Administrative Procedure Act (APA), chapter 34.05 RCW, governs our review of unemployment benefits decisions. *Darkenwald v. Emp't Sec. Dep't*, 183 Wn.2d 237, 244, 350 P.3d 647 (2015); RCW 34.05.570(1)(b), 50.32.120. We review the Commissioner's decision, not the determinations of the ALJ or the superior court. *Darkenwald*, 183 Wn.2d at 244. However, when the Commissioner adopts the ALJ's findings and conclusions, we review them. *Darkenwald*, 183 Wn.2d. at 244.

Under the APA, we may reverse a Commissioner's grant or denial of unemployment benefits if the decision is based on an error of law, is not supported by substantial evidence, or is arbitrary or capricious. *Darkenwald*, 183 Wn.2d at 244; RCW 34.05.570(3)(d)-(e), (i). Wolff, as the party asserting error, "bears the burden of demonstrating the invalidity of the Department's action." *Darkenwald*, 183 Wn.2d. at 244; RCW 34.05.570(1)(a).

4

We review the Commissioner's challenged findings "for substantial evidence in light of the whole record." *Campbell v. Emp't Sec. Dep't*, 180 Wn.2d 566, 571, 326 P.3d 713 (2014); RCW 35.04.570(3)(e). Substantial evidence is evidence that would "'persuade a fair-minded person of the truth and correctness' of the agency action." *Campbell*, 180 Wn.2d at 571 (quoting *Port of Seattle v. Pollution Control Hr'gs Bd.*, 151 Wn.2d 568, 588, 90 P.3d 659 (2004)). "[U]nchallenged findings are treated as verities on appeal." *Darkenwald*, 183 Wn.2d at 244.

We review the commissioner's legal determinations using the "error of law" standard, which permits us to substitute our view of the law for that of the commissioner. *Verizon NW, Inc. v. Emp't Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008). We also review de novo whether the agency correctly applied the law to the facts as found by the agency. *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 880, 154 P.3d 891 (2007).

II.      EMPLOYMENT SECURITY ACT

Under the Act, a discharged worker may apply for unemployment benefits by filing a claim with the Department. RCW 50.20.140. To be eligible for benefits, a claimant generally must show, among other facts, that she is able to work and available for work. RCW 50.20.010(c).

As relevant here, to be "available for work" under the Act, a claimant must actively seek work, and be "willing to work full-time . . . during all of the usual hours and days of the week customary for [their] occupation." WAC 192-170-010(1)(a); RCW 50.20.010(c)(ii). The claimant also must be "capable of accepting and reporting for any 'suitable work.'[2] WAC 192-170-

---

[2] "Suitable work" is defined as work aligned "with the individual's prior work experience, education, or training." RCW 50.20.100(1); WAC 192-170-050(c).

010(1)(b). While seeking work, a claimant also generally cannot "impose conditions that substantially reduce or limit [her] opportunity to return to work at the earliest possible time." WAC 192-170-010(1)(c).

There are, as pertinent here, two exceptions to the requirement that a claimant be available for full-time work to receive unemployment benefits. The first is an exception for disabled claimants meeting certain statutory requirements. WAC 192-170-050(1)(b). The second is an exception for part-time eligible workers. WAC 192-170-070.

A.     Disability Exception

If a claimant is disabled, less than full-time work may be deemed suitable if the following are met. The disability prevents the claimant from working the hours customary to the occupation, the claimant actively seeks work "for the occupation and hours [they] have the ability to perform," and any restriction on the hours the claimant can work "does not substantially limit [her] employment prospects." WAC 192-170-050(1)(b). A "disability" is defined as "a sensory, mental, or physical condition that:" "[i]s medically recognizable or diagnosable;" "[e]xists as a record or history; and" "[s]ubstantially limits the proper performance of [the individual's] job." WAC 192-170-050(1)(a).

B.     Part-Time Eligibility Exception

A claimant who is not otherwise disqualified from receiving unemployment benefits "may not be denied benefits . . . because the individual is a part-time worker and is available for, seeks, applies for, or accepts only work of seventeen or fewer hours per week." RCW 50.20.119(1). However, even part-time workers must be available during the hours and days customary for their occupation. WAC 192-170-070. To qualify as a part-time worker, a claimant's wages from

6

employment must not have exceed seventeen hours in any given week, and she must have earned wages in at least forty of the weeks in the year in question. RCW 50.20.119(2).

III.    CHALLENGED FINDING OF FACT

Wolff only challenges the finding that she was "not able,[3] not available and was not actively seeking work as required."[4] Br. of Appellant at 1; AR at 285, 294. Because she does not challenge the other findings, they are verities on appeal. *Darkenwald*, 183 Wn.2d at 244.

Wolff argues substantial evidence did not support the finding that she was not available or seeking work as required. She bases her argument on evidence that she was physically able to work, was willing to work up to 30 hours per week, and was making at least three job contacts per week.

The State argues substantial evidence supports the finding because Wolff would only work part-time, did not have a disability, and did not qualify for part-time eligibility because she worked more than 17 hours per week at Gonzaga.

We agree with the State.

RCW 50.20.010(c) and the accompanying regulations require that a claimant seek full-time work during the hours and days customary for their occupation. WAC 192-170-010(1)(a). As relevant here, exceptions exist for certain disabled claimants and part-time eligible workers. WAC 192-170-050(1)(b), -070. As such, a claimant who is seeking only part-time work must demonstrate that she meets an exception to be considered available and actively seeking work as

---

[3] The challenged finding states that Wolff was "not able . . . as required." AR at 285, 294. Because Wolff admits she is not disabled, we construe that part of the finding as meaning Wolff could not accept full-time work because of the time needed to take her sons to therapy, not because of a physical inability to work.

[4] Although Wolff actively sought part-time work, she did not seek full-time work as required.

required under the Act. RCW 34.05.570(1)(a), 50.20.010(c); WAC 192-170-010(1)(a)-(b), -050(1)(b), -070.

Here, substantial evidence supports the finding that Wolff was not able to accept full-time work, was not available for full-time work, or did not actively seek full-time work as required. Wolff admitted she could not accept full-time work. The customary workdays and hours for her occupation were Monday to Friday, 8 A.M. to 6 P.M., 40 hours per week. Wolff was only willing to work a part-time day shift for "4-5 hours per day, 5 days per week, or up to 24 [hours] per week [with a] flexible schedule." AR at 46. She only applied for part-time administrative work.

Wolff concedes she does not have a disability. She "does not have any physical limitations that would prevent her from securing work in her customary labor market." Br. of Appellant at 8. The disability exception is personal to the claimant, so her argument fails to the extent she bases it on her sons' learning disabilities. WAC 192-170-050(1)(b).

Wolff also testified to working 24 hours a week at Gonzaga when they discharged her. Therefore, she worked over 17 hours per week, and does not qualify as a part-time eligible worker. RCW 50.20.119; WAC 192-170-070.

Substantial evidence supports the finding that Wolff was not able to accept, available for, or actively seeking full-time work as required.

IV. CHALLENGED CONCLUSIONS OF LAW

Wolff challenges the conclusions that she did not comply with the availability requirements, and did not meet exceptions to the full-time requirements. Wolff argues that her

sons' learning disability permitted her to quit and receive unemployment benefits based on RCW 50.20.050(b)(ii).[5]  We disagree.

An unemployment benefits claimant who is available for only part-time work is not compliant with the availability requirements of the Act unless she qualifies for the disability exception, or the part-time eligible worker exception.  RCW 50.20.010(c); WAC 192-170-010(1)(a)-(b), -050(1)(b), -070.  The claimant bears the burden of proving her eligibility for an exception.  RCW 34.05.570(1)(a); *Darkenwald*, 183 Wn.2d. at 244.

Here, the Commissioner adopted the ALJ's findings that: Wolff "was not able, not available and was not actively seeking work as required."  AR at 285, 294.  As stated above, substantial evidence supports that finding.  The finding necessarily contemplates that Wolff did not qualify for the disability exception or the part-time eligible worker exception.  *See* RCW 50.20.010(c); WAC 192-170-010(1)(a)-(b), -050(1)(b), -070.

We conclude that the conclusions flow from the finding that Wolff was not available, able to accept, available for, or actively seeking work as required under the Act.

V.    ATTORNEY FEES

Wolff requests attorneys' fees under RCW 50.32.160 in the event that the Commissioner's order is reversed or modified.  Because Wolff is not the prevailing party, we deny Wolff's request for fees.

---

[5] Wolff also seems to argue that the court erred in concluding she did not comply with availability requirements because full-time work was not suitable.  Because full-time administrative work aligns with Wolff's experience, education, and training, we reject her argument to the extent she bases it on the suitability of full-time work.  RCW 50.20.100(1); WAC 192-170-050(c).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Bjorgen, J.

Lee, A.C.J.